Clark *et al. vs.* Lyon *et al.*

---

JOHN CLARK *et al.* plaintiffs in error, *vs.* MARTHA A. LYON *et al.*, defendants in error.

1. Where a deed is executed, and a bond taken by the grantor from the grantee, conditioned to reconvey on the repayment of money borrowed, with the interest due thereon at the time stipulated, the two instruments constitute a mortgage, and according to the well established principles of equity, the grantor is entitled to redeem the land on the payment of what may be due. (R.)
2. This being a Confederate contract, the amount to be repaid must be determined under the provisions of the Ordinance of 1865. (R.)

Equitable mortgage. Tender. Scaling Ordinance. Injunction. Before Judge GREENE. Henry Superior Court. April Term, 1872.

For the facts of this case, see the decision.

S. C. McDANIEL; J. J. FLOYD, for plaintiffs in error.

DOYAL & NUNNALLY; SPEER & STEWART, for defendants.

WARNER, Chief Justice.

This was a bill filed by the heirs-at-law of Thomas J. Lyon, against John Clark *et al.*, praying for relief and injunction to restrain the sale of a tract of land in Henry county. To this bill the defendants filed a demurrer, for want of equity, which demurrer was overruled by the Court, and the defendants excepted. In our judgment, the demurrer was properly overruled. It appears from the allegations in the complainant's bill, that Thomas J. Lyon, in his lifetime, to-wit: on the 16th day of December, 1862, borrowed from Clark $3,800 in Confederate money, to pay the balance due for a tract of land purchased by Lyons at the administrator's sale of his father's estate; that to secure the loan of the money by Clark to Lyons, and the repayment of the same, Lyons executed a deed to Clark for the tract of land described in the bill, and Clark, at the same time, executed to Lyons his bond conditioned to make him a title to the land, if Lyons should well and truly pay to Clark the said $3,800, with ten per cent. interest, annually, by the 16th day of December, 1867; and if the said Lyons punctually pay the said money, then the said Clark is to make titles to said lot of land; if not, the said bond to be null and void. The deed was executed by Lyons to Clark to secure the repayment of the money borrowed by Lyons from Clark, and the bond was conditioned to reconvey the land by Clark, when the money so borrowed should be repaid with the stipulated interest, at the time specified.

According to the well established principles of equity jurisprudence, the deed conveying the land to Clark, and his bond conditioned to reconvey the same on the repayment of the money borrowed, with the interest due thereon, at the time stipulated, constituted a mortgage to secure the payment of the money borrowed by Lyons from Clark, and the complain-

204 SUPREME COURT OF GEORGIA.

ants are entitled to redeem the land on the payment of what may equitably be found to be due on the final hearing of the cause, under the provisions of the Ordinance of 1865, this being a Confederate contract.

Assuming all the allegations in the complainant's bill to be true, as the demurrer does, it presents a pretty strong case for the interference of a Court of equity.

Let the judgment of the Court below, overruling the demurrer, be affirmed.